IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. SCHLAGER, | No. 2:11-CV-1591-JAM-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| R. MIRANDA, | |
|     Defendant. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Pending before the court is defendant's motion to dismiss. That motion was not, however, accompanied by a contemporaneous notice to plaintiff advising him as to his obligations in opposing a motion to dismiss. The court will now provide that notice and also provide plaintiff an opportunity to file an opposition in light of this notice.[1] Defendants will also be permitted time to file a reply. If no opposition is filed within the time provided herein, the matter will stand submitted on the current record.

---

[1] To date, plaintiff has not filed any opposition to defendant's motion, which was filed on December 9, 2011.

1

1   Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff
2   is advised of the following requirements for opposing a motion to dismiss for failure to exhaust
3   administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the
4   Federal Rules of Civil Procedure:  Such a motion is a request for dismissal of unexhausted
5   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of
6   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,
7   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.
8   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
9   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
10  the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve
11  and file one or more affidavits or declarations by other persons who have personal knowledge of
12  relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the
13  records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence
14  with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides
15  submit matters outside the pleadings, the court may look beyond the pleadings and decide
16  disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the
17  court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the
18  defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
19  unexhausted claims will be dismissed without prejudice.
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file an opposition to defendant's motion to dismiss within 30 days of the date of this order; and

2. Defendants may file a reply within 15 days after service of any opposition.

DATED: July 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE