1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANDREW G. SCHLAGER,                No. 2:11-CV-1591-JAM-CMK-P

12            Plaintiff,

13       vs.                          FINDINGS AND RECOMMENDATIONS

14  R. MIRANDA,

15            Defendant.

16  _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the court is defendant's unopposed motion to dismiss (Doc.

19  20) based on lack of exhaustion of administrative remedies.

20            Prisoners seeking relief under § 1983 must exhaust all available administrative

21  remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

22  regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

23  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

24  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

25  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

26  Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and

1  held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

2  because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

3  defendants; (2) an individual named as a defendant does not necessarily need to be named in the

4  grievance process for exhaustion to be considered adequate because the applicable procedural

5  rules that a prisoner must follow are defined by the particular grievance process, not by the

6  PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not

7  all, claims are unexhausted.

8        The Supreme Court also held in <u>Woodford v. Ngo</u> that, in order to exhaust

9  administrative remedies, the prisoner must comply with all of the prison system's procedural

10  rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus,

11  exhaustion requires compliance with "deadlines and other critical procedural rules."  <u>Id.</u> at 90.

12  Partial compliance is not enough.  <u>See id.</u>  Substantively, the prisoner must submit a grievance

13  which affords prison officials a full and fair opportunity to address the prisoner's claims.  <u>See id.</u>

14  at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the

15  quantity of prisoner suits "because some prisoners are successful in the administrative process,

16  and others are persuaded by the proceedings not to file an action in federal court."  <u>Id.</u> at 94.

17        A prison inmate in California satisfies the administrative exhaustion requirement

18  by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of

19  Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or

20  omission by the department or its staff that the inmate . . . can demonstrate as having a material

21  adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

22  These regulations require the prisoner to proceed through three levels of appeal.  <u>See</u> Cal. Code

23  Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7.  A decision at the third formal level, which is also

24  referred to as the director's level, is not appealable and concludes a prisoner's departmental

25  administrative remedy.  <u>See id.</u>  Departmental appeals coordinators may reject a prisoner's

26  administrative appeal for a number of reasons, including untimeliness, filing excessive appeals,

1    use of improper language, failure to attach supporting documents, and failure to follow proper

2    procedures.  See Cal. Code Regs. tit. 15, §§ 3084.6(b).  If an appeal is rejected, the inmate is to

3    be provided clear instructions how to cure the defects therein.  See Cal. Code Regs. tit. 15, §§

4    3084.5(b), 3084.6(a).  Group appeals are permitted on the proper form with each inmate clearly

5    identified, and signed by each member of the group.  See Cal. Code Regs. tit 15, § 3084.2(h).

6    Currently, California regulations do not contain any provision specifying who must be named in

7    the grievance.

8           In certain circumstances, the regulations make it impossible for the inmate to

9    pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

10   n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

11   prison officials as a "staff complaint" and processed through a separate confidential process,

12   prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

13   Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

14   complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

15   administrative review could provide relief, prison regulations require that the prisoner be notified

16   that such claims must be appealed separately.  See id. at 939.  The court may presume that the

17   absence of such a notice indicates that the grievance did not present any claims which could be

18   appealed separate from the confidential "staff complaint" process.  See id.

19          In this case, defendant argues that there is "no evidence that [plaintiff] exhausted

20   the administrative remedies that were available to him with regard to his . . . claims against

21   defendant. . . ."  The court agrees based on plaintiff's admissions.  In the complaint, plaintiff

22   explicitly states that the second level appeal had been submitted on February 14, 2011, and that

23   plaintiff was waiting for a response he expected to arrive by April 2011.  Given that the

24   complaint was filed on April 12, 2011 (signed by plaintiff on March 25, 2011), it is obvious that

25   plaintiff did not exhaust all available administrative remedies prior to filing suit.  While it is

26   possible that the administrative exhaustion process has since been completed, post-filing

1    exhaustion is insufficient as it fails to give the prison an opportunity to correct a potential

2    violation before a lawsuit is filed.

3            Based on the foregoing, the undersigned recommends that defendant's unopposed

4    motion to dismiss (Doc. 20) be granted.

5            These findings and recommendations are submitted to the United States District

6    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court.  Responses to objections shall be filed within 14 days after service of

9    objections.  Failure to file objections within the specified time may waive the right to appeal.

10   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12    DATED:  October 16, 2012

13                                    _____

14                                    CRAIG M. KELLISON
                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26